Oldham, J. The defence relied upon in this case is usury. The Rev. St., Ch. 80, sec. 7, enacts that “ all bonds, bills, notes, assurances, conveyances and all other contracts or securities whatsoever, whereupon or whereby there shall be taken or reserved any greater sum or greater value for the loan or forbearance of any money, goods, or things in action, than is prescribed in this act, shall be void.” The question presented is, whether the transaction developed by the testimony is usury within .the meaning of the statute. In the case of the Bank of the United States vs. Waggoner et al., 9 Pet. R. 378, Judge Story, in delivering the opinion of the court said, •“ .that in construing the usury laws the uniform construction in England has been (and it is equally applicable here) that to constitute usury within the prohibition of the law there must be an intention knowingly to. contract for, or to take usurious interest; for if neither party intend it, but act bona fide and innocently, the law will not infer a corrupt agreement. Where indeed the contract on its face imports usury, as by an express reservation of more than legal'interest, there is no room for presumption: for the intent is apparent — res ipsa loquitur. But where the contract on its face is for legal interest only, then it must be proved that there was some corrupt agreement or device or shift to cover usury ; and that it was in full contemplation of the parties.” The question presented by the facts in this case is the same as in that; whether there was any corrupt agreement or shift or device to take or reserve usury. The testimony shows that at the date of the writing obligatory sued upon, one Mason was indebted to the plaintiff in the sum of $227 25, in payment of which Mason assigned to the plaintiff a writing obligatory executed by defendant Bewly for the sum of $225 in good current bank notes of the State of Arkansas, due the 25th December, 1840. That on the 26th January, 1842, a new bond was given by the defendant to plaintiff with Langford and Brew-ton as his securities, for the amount and interest then due upon the bond to Mason, payable one day after date, with interest at the rate of ten per cent, per annum until paid, and which might be discharged in Arkansas money. At the time bank notes of the State of Arkansas were at a discount of twenty-five per cent., but the plaintiff was about that time in the habit of receiving and paying them at par. When this case was previously in this court, it'was held that the makers by performing the alternative stipulation contained in the bond, might have discharged themselves from their obligation to pay money. 5 Ark. R. 318. Had the defendants paid the debt when it became due, they could have done it with Arkansas bank notes, for that privilege was reserved in the bond. In Caton vs. Shaw, 2 Har. & Gill, 13, it was held that a loan of bank notes at a discount unexplained by circumstances would be usurious, but when the borrower was at liberty to return them to the lender at their par value, and so exempt himself from loss, such a transaction will not be deemed usurious unless it was a cover for usury. The principle thus decided is applicable to this case. The renewal of the bond was equivalent to a loan of Arkansas bank notes with the privilege of paying the debt in the kind of funds received, and by which the borrowers might exempt themselves from loss, and consequently the transaction was not usurious, unless that form was given to it as a shift or device to cover usury. The fact that the plaintiff was in the habit of paying and receiving such bank paper at par value, and that he received Bewly’s note at par, disproves the intention of usury on his part. A penalty inserted in a contract from which a party may deliver himself does not make such contract usurious. Pollard vs. Bailey, 6 Mun. 433. We think that the testimony does not show that there was a corrupt agreement or intention to take or reserve usury, and that the court should have granted the plaintiff a new trial.